## Deginther's Appeal.   Haas's Executor's Appeal.

A married woman took out a policy of insurance upon the life of her husband, which was made payable to her, her executors, administrators or assigns, and died intestate during the lifetime of the husband, leaving two children. After the husband's death, upon the distribution of the proceeds of the policy, the representative of the husband claimed one-third thereof, which claim was rejected by the court below.   *Held*, that this was error, and that the estate of the husband should have been awarded the one-third of the fund.

January 25th 1877.   Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.   Williams, J., absent.

Appeal from the Orphans' Court of *Philadelphia county:* Of January Term 1875, No. 138.

This was the appeal of Henry Baltz, executor of John Haas, deceased, from the decree of the court making distribution of the estate of Christianna Haas, deceased.

Christianna Haas, who was the wife of John Haas, took out a policy of insurance on the life of her husband for $1500 in the American Life Insurance Company of Philadelphia.   The amount of the policy was made payable "to Christianna Haas, wife of said John Haas, her executors, administrators and assignees, within sixty days after the notice and satisfactory proof of the death of the said John Haas."   Christianna died in 1868, leaving her husband and two sons, both of whom are living.   After the death of Christianna Haas, John Haas married Magdalena Haas (now Deginther).

In 1871 John Haas died, leaving a will, in which he gave to his wife one-third of his estate, "except the $1500 which was left to my two sons by their mother, Christianna Haas."   Magdalena Deginther refused to take under this will of her husband, and before an auditor appointed to distribute the estate of Christianna Haas, she, through the executor of John Haas, deceased, claimed that the estate of the latter was entitled to one-third of the amount of the policy.

The auditor rejected this claim and awarded the fund to the children of John Haas and Christianna Haas, on the ground that the policy of insurance not being payable until after the death of John Haas no property in said policy or proceeds could vest in said John Haas at the death of Christianna Haas, and as the claims of Magdalena Deginther depended upon that of John Haas her claim, also, must consequently fail.

Exceptions were filed to this report by the executor of John Haas, alleging that the auditor erred in not awarding one-third of the proceeds to the estate of John Haas, deceased, which exceptions the court dismissed and confirmed the report.

From this decree this appeal was taken.

The appeal was improperly taken in the name of Magdalena Deginther, but by agreement of counsel it was considered the appeal of the executor of John Haas.

2 Norris—22

[Deginther's Appeal.]

*Stephen S. Remak*, for the executor of John Haas, appellant.

*William H. Staake*, for the administrator of Christianna Haas, appellee.

Mr. Justice SHARSWOOD delivered the opinion of the court, February 5th 1877.

. By the agreement of the counsel, this appeal is to be considered as the appeal of Henry Baltz, executor of the last will and testament of John Haas, deceased. It is conceded that Magdalena Deginther had no standing in the court below, and has none in this court. She can only claim under the personal representative of her husband.

The question presented is a very nice one, and the solution of it is not without difficulty. The policy of insurance—the proceeds of which are now in the hands of the administrator of Christianna Haas for distribution—is not within the provisions of the Act of April 9th 1850, entitled "An Act to incorporate the American Life and Health Company," Pamph. L. 429, the corporation by which the policy was granted. By the 14th section of that act it is enacted that "it shall be lawful for any married woman, by herself and in her name, or in the name of any third person, with his assent as her trustee, to cause to be insured, for her sole use, the life of her husband; and in case of her surviving her husband, the sum or net amount of the insurance becoming due and payable by the terms of insurance, shall be payable to and for her own use, free from the claims of the representatives of her husband or of any of his creditors;" and by section 15, "in case of the death of the wife before the decease of her husband, the amount of the insurance *may be made payable*, after death, to her children, for their use, and to their guardian, if under age." By the policy out of which this controversy has arisen, the company did promise to pay or cause to be paid the sum insured to Christianna Haas, wife of John Haas (whose life was insured), her executors, administrators and assigns, within sixty days after due notice and satisfactory proof of the death of the said John Haas. The fourteenth section does not apply, for the policy is not for the sole use of Christianna Haas, and she did not survive her husband; and the fifteenth section is equally inapplicable, for the policy was not made payable after death to her children for their use, and to their guardian, if under age. It was payable to her, if she survived her husband; but if she was dead when it became payable at his death, then to her executors, administrators and assigns. It has accordingly been paid to her administrator, and he holds in trust for distribution among the persons entitled under the laws of this Commonwealth to her estate, she having died intestate.

By the 9th section of the Act of April 11th 1848, commonly

called the Married Woman's Act, Pamph. L. 537, it is provided, "That when any married woman, possessed of separate property as aforesaid, shall die intestate, her husband shall be first entitled to letters of administration on her estate, which shall be distributed as follows : If such married woman shall leave no children nor the descendants of such living, the husband shall be entitled to such personal estate absolutely. If such married woman shall leave a child or children living, her personal estate shall be divided amongst the husband and such child or children, share and share alike. If any such child or children, being dead, shall have left issue, such issue shall be entitled to the share of the parent."

The contention of the appellee is, that as John Haas, the husband, survived his wife, the estate vested in the administrator of Christianna, at the moment of his death, and that having then ceased to exist, he could have had no claim upon Christianna's estate which could pass to his personal representative. The argument appears to be too refined. If it be a sound universal position, that a man's representatives are not entitled to anything not *vested* in him at the time of his death, though coming to his estate on the happening of a subsequent contingency, neither could Christianna's representatives be entitled, under this construction of the law, for she was not possessed of this property at the time of her death. The words "executors, administrators and assigns" were really not necessary under the policy to entitle her representative to the insurance money. They showed affirmatively that there was no intention to limit it specifically to her children, as might have been done under the fifteenth section of the Act of 1850. It is not and cannot be pretended that if this insurance for the benefit of Christianna had been upon the life of a third person, and John Haas had been living when the life fell, he would not have been entitled as a distributee. Ought it to make any difference that the insurance was upon his own life? We must look at the general intent of the act in a case of this peculiar nature—not within the strict letter of the statute. *Qui hæret in litera, hæret in cortice.* If Christianna had died leaving no children or they had died without leaving descendants—in which case the husband would have been entitled to the whole estate—must it have gone in this event which has happened to her collateral next of kin? We are of opinion, that as soon as it is settled that the insurance money is part of the personal estate of Christianna, it is to be considered, for all the purposes of distribution, to have been hers at the time of her death, and her next of kin, then entitled and those lawfully claiming under them, would be the distributees. At that time John Haas was living and was entitled to one-third of her estate under the Act of 1848. It is not stretching the construction of the statute beyond what is legitimate to hold that her estate includes for purposes of distribution, not only what was then her estate, but what might have become so, on.

[Deginther's Appeal.]

contingencies happening afterwards.   It appears to us, then, that the executor of John Haas was entitled to one-third of the fund and the decree below should be reformed accordingly.

> Decree reversed, and record remitted that a decree of distribution may be entered in the Orphans' Court in conformity to this opinion.   Each party to pay his own costs of this appeal.